IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARISSA COFFEY, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>O.K. FOODS, INC.<br><br>Defendant. | Case No. CIV-21-561-J<br><br>**PLAINTIFF'S BRIEF OPPOSING TRANSFER OF VENUE**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Clarissa Coffey, individually and on behalf of all similarly situated persons, complies with this Court's Order [Doc. 28] requesting the parties brief whether a transfer of venue to the Western District of Arkansas may be warranted. Plaintiff hereby submits the following brief in opposition to a transfer of venue.

I. **INTRODUCTION**

Defendant O.K. Foods, Inc. ("O.K. Foods")—a company with employees in Oklahoma, Arkansas, and Alabama—failed to protect thousands of its employees' personally identifiable information ("PII").[1] As a result, many of those employees (including the named Plaintiff, Clarissa Coffey), suffered direct consequences, such as fraudulent credit inquiries and being forced to expend significant resources to prevent future fraudulent activity.

---

[1] Names, social security numbers, birthdates, and addresses.

1

Clarissa Coffey, the proposed Class Representative, seeks to hold this company, O.K. Foods, responsible for its negligent data security practices and failure to protect its network servers from cybercriminals.

At issue presently, however, is whether the Western District of Oklahoma is the proper venue for this matter—and not the Western District of Arkansas. Numerous factors weigh in favor of keeping this matter within this district including, but not limited to, Plaintiff's choice of forum is the Western District of Oklahoma, Oklahoma City is an easily accessible travel hub that will allow for convenient party and witness access as this is a nationwide class action, Defendant employs over 1,000 employees within the State of Oklahoma (including in excess of 150 in Oklahoma City alone), Plaintiff's counsel is located in Oklahoma City, and data breach evidence is available electronically or via "cloud" servers.

## II. THE WESTERN DISTRICT OF OKLAHOMA IS THE PROPER VENUE FOR THIS CASE

The Tenth Circuit has directed courts considering a potential venue change to weigh the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflicts of law; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious, and economical.

*Canada v. United States Small Bus. Admin.*, No. CIV-20-999-D, 2021 WL 2744628, at *2

(W.D. Okla. Jan. 28, 2021) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Quintessa, LLC v. ERB Legal Invs., LLC*, No. CIV-20-876-R, 2021 WL 40274, at *2 (W.D. Okla. Jan 5, 2021) (quoting *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010)).

In this matter, the relevant factors are (a) Plaintiff's choice of forum and (b) the accessibility of witnesses and other sources of proof.

### a. *Plaintiff's Choice of Forum*

"Generally, the first factor weighs heavily against a transfer: 'Unless the balance is *strongly in favor* of the movant, the plaintiff's choice of forum should rarely be disturbed.'" *Id.* at 1167-68 (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (emphasis added).

Clearly, this factor weighs in favor of the Plaintiff, as Plaintiff chose to file this matter in the Western District of Oklahoma. While the Court raised concerns over whether the Western District of Arkansas would be a more proper venue because of Plaintiff's location, Plaintiff assures the Court that she will be able to participate fully in this litigation and appear at the hearings as necessary.

### b. *Accessibility of Witnesses and Other Sources of Proof*

Other than the Plaintiff's Choice of Forum factor, the "most important factor in deciding a § 1404(a) motion" is the "convenience of witnesses" and "sources of proof."

*Morrison Construction Co. v. BluRock Concrete, LLC*, 380 F.Supp.3d 1155, 1162 (N.D. Okla. 2019).

> To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.

*Id.* (quoting *Emplrs. Mut. Cas. Co.*, 618 F.3d at 1169). General allegations of inconvenience are not sufficient to compel transfer. *Id.* "Furthermore, the convenience of a party's employees carries little weight because the party 'is able, indeed, obligated to procure the attendance of its own employees for trial.'" *Quintessa*, at *2.

As for documentary evidence, the parties will have access to critical documentary evidence relevant to the parties' claims and defenses arising out of the data breach. Despite the likelihood that such evidence will be scattered across the country, it will also be available electronically or via "cloud" servers, no matter its physical location. So, location of such evidence based on one of Defendant's corporate offices should not be a controlling factor. There will be no documentary evidence resulting from a twenty-first century data breach of Microsoft Office 365 business email accounts that cannot be electronically accessible and interchangeable between the parties.

As for witness availability, Defendant is obligated to procure the attendance of its own employees for trial. Additionally, given the wide-ranging locations of the parties, the potential evidence, and counsel, the most convenient forum would be one that is easily accessible via air travel. Oklahoma City is a centralized location that is easily accessible from anywhere in the country, which is important as this is a nationwide class action

lawsuit. At this point, Plaintiff is unaware of any specific issues that may arise where non-party witnesses would be unable to attend trial.

### III. CONCLUSION

"Unless the balance is strongly in favor of [transfer], the plaintiff's choice of forum should rarely be disturbed." *Quintessa*, at *2. When weighing the factors mandated by the Tenth Circuit, it is clear that all factors are either neutral and/or weigh against transferring the matter to the Western District of Arkansas. Thus, Plaintiff's choice of forum should not be disturbed. Plaintiff respectfully requests this Court allow the matter to proceed in the Western District of Oklahoma.

Date: November 15, 2021　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　*s/ William B. Federman*_____
　　　　　　　　　　　　　　　　　　　　William B. Federman, OBA #2853
　　　　　　　　　　　　　　　　　　　　Tyler J. Bean, OBA #33834
　　　　　　　　　　　　　　　　　　　　D. Colby Addison, #32718
　　　　　　　　　　　　　　　　　　　　**FEDERMAN & SHERWOOD**
　　　　　　　　　　　　　　　　　　　　10205 N. Pennsylvania Ave.
　　　　　　　　　　　　　　　　　　　　Oklahoma City, OK 73120
　　　　　　　　　　　　　　　　　　　　Telephone: (405) 235-1560
　　　　　　　　　　　　　　　　　　　　Facsimile: (405) 239-2112
　　　　　　　　　　　　　　　　　　　　wbf@federmanlaw.com
　　　　　　　　　　　　　　　　　　　　tjb@federmanlaw.com
　　　　　　　　　　　　　　　　　　　　dca@federmanlaw.com

　　　　　　　　　　　　　　　　　　　　M. Anderson Berry*
　　　　　　　　　　　　　　　　　　　　**CLAYEO C. ARNOLD,**
　　　　　　　　　　　　　　　　　　　　**A PROFESSIONAL LAW CORP.**
　　　　　　　　　　　　　　　　　　　　865 Howe Avenue
　　　　　　　　　　　　　　　　　　　　Sacramento, CA 95825
　　　　　　　　　　　　　　　　　　　　Telephone: (916) 777-7777
　　　　　　　　　　　　　　　　　　　　Facsimile: (916) 924-1829
　　　　　　　　　　　　　　　　　　　　aberry@justice4you.com

　　　　　　　　　　　　　　　　　　　　*Admitted pro hac vice
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, a copy of the forgoing was served upon all counsel of record via ECF.

<u>s/ William B. Federman</u>